**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| **CALVIN JACKSON,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**DX2 GROUP LLC, MMX ALL VENTURES, INC, DEALERS LICENSE.NET, JASON DOUBLEDAY, EMILY JENNINGS, TRI STATE DEALER SERVICES,**<br><br>**Defendants.** | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | **CIVIL ACTION NO. 4:25-CV-00689-JDK** |

**REPORT AND RECOMMENDATION OF**
**UNITED STATES MAGISTRATE JUDGE**

Plaintiff Calvin Jackson, proceeding pro se, brought the instant civil action on June 30, 2025. (Doc. No. 1) Plaintiff has filed a motion to proceed *in forma pauperis* ("IFP") in this action. (Doc. No. 2.) Because Plaintiff has requested to proceed IFP, the court reviewed the pleadings in this action pursuant to 28 U.S.C. § 1915(e)(2). The court issued an initial order to amend on July 3, 2025 (Doc. No. 4), after which Plaintiff filed an amended complaint (Doc. No. 6). The court then reviewed the amended complaint and issued a second order to amend on August 13, 2025 (Doc. No. 7). Plaintiff has not filed a second amended complaint or otherwise responded to the court's order.

**BACKGROUND**

Plaintiff alleges that on August 10, 2023, he was hired as a car dealer representative by Defendants. (Doc. No. 6, at 3.) Thereafter, he alleges discrimination began by refusing to give him a dealer plate because he is an old black man, paying him less than white employees

performing comparable work, and making racial slurs and comments. *Id.* Plaintiff alleges that he made several complaints to the General Manager, Jason DoubleDay, but that no action was taken and the racial harassment continued. *Id.* at 5. Plaintiff alleges that he received spam calls of harassment, was asked to do superfluous work, was laughed at for not making any money, was removed as company representative which caused him not to have access to any dealer-only auctions, was sent on errant trips, and was blocked from auctions. *Id.* at 4–5. Plaintiff alleges that he filed a complaint with the Equal Opportunity Employment Commission ("EEOC") on August 20, 2024 and was terminated on October 16, 2024, which was then extended to November 16, 2024. *Id.* at 6. Plaintiff alleges that he received his notices of right to sue from the EEOC on or about March 20, 2025, and that he commenced this action within 90 days. *Id.* at 2. The mailing envelope indicates that the complaint was mailed on June 20, 2025. (Doc. No. 1-2.)

Plaintiff brings claims for Title VII discrimination, retaliation, and hostile work environment. Title VII makes it an unlawful employment practice "to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1).

**LEGAL STANDARD**

28 U.S.C. § 1915(e)(2) provides that:

Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that—

(A) the allegation of poverty is untrue; or

(B) the action or appeal—

(i) is frivolous or malicious;

(ii) fails to state a claim on which relief may be granted; or

(iii) seeks monetary relief against a defendant who is immune from such relief.

In order to state a plausible claim for relief, a pleading must contain (1) “a short and plain statement of the grounds for the court’s jurisdiction,” (2) “a short and plain statement of the claim showing that the pleader is entitled to relief,” and (3) “a demand for the relief sought.” Fed.R.Civ.P. 8. A complaint fails to state a claim upon which relief may be granted where it does not allege sufficient facts which, taken as true, state a claim which is plausible on its face and thus does not raise a right to relief above the speculative level. *See Montoya v. FedEx Ground Packaging Sys. Inc.*, 614 F.3d 145, 149 (5th Cir. 2010) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A claim has factual plausibility when the pleaded factual content allows the court to draw reasonable inferences that the defendant is liable for the misconduct alleged. *See Hershey v. Energy Transfer Partners, L.P.*, 610 F.3d 239, 245 (5th Cir. 2010); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). This plausibility standard is not akin to a probability standard; rather, the plausibility standard requires *more than the mere possibility* that the defendant has acted unlawfully. *Twombly*, 550 U.S. at 556 (emphasis supplied). All well-pleaded facts are taken as true, but the district court need not accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions. *See Whatley v. Coffin*, 496 F. App’x 414 (5th Cir. 2012) (unpublished) (citing *Plotkin v. IP Axess Inc.*, 407 F.3d 690, 696 (5th Cir. 2005)). Crucially, while the federal pleading rules do not require “detailed factual allegations,” the rule does “demand more than an unadorned, the-defendant-unlawfully-harmed-me accusation.” *Iqbal*, 556 U.S. at 678. A pleading offering “labels and conclusions” or a “formulaic recitation of the elements of a cause of action” will not suffice, nor does a complaint which provides only naked assertions that are devoid of further factual enhancement. *Id.*

**DISCUSSION**

As the court previously explained, to assert Title VII claims in federal court, a plaintiff "must [first] exhaust administrative remedies" by filling a charge with the EEOC and receiving a statutory notice of the right to sue. *See Taylor v. Books A Million, Inc*., 296 F.3d 376, 378–79 (5th Cir. 2002); 42 U.S.C. § 2000e-5(e)(1). Plaintiffs have "ninety days to file a civil action after receipt of such a notice from the EEOC." *Id.* at 379; 42 U.S.C. § 2000e-5(f)(1). "This requirement to file a lawsuit within the ninety-day limitation period is strictly construed." *Taylor*, 296 F.3d at 379. "Courts should not condone lawsuits that exceed the scope of EEOC exhaustion, because doing so would thwart the administrative process and peremptorily substitute litigation for conciliation." *McClain v. Lufkin Indus., Inc*., 519 F.3d 264, 274 (5th Cir. 2008). Proper administrative exhaustion is not a technicality or procedural "gotcha," but rather an integral due process protection that affords defendants fair notice of potential claims. *Id.* at 272. A plaintiff must exhaust his available remedies "before seeking judicial relief" *Id.* at 273. A plaintiff's pro se status does not alter the analysis or otherwise turn this requirement into a suggestion. *See Cruce v. Brazosport Indep. Sch. Dist.*, 703 F.2d 862, 863 (5th Cir. 1983); *Taylor*, 296 F.3d at 378–79; *Taylor v. U.S. Treasury Dep't*, 127 F.3d 470, 478 (5th Cir. 1997). While not jurisdictional, this requirement "is a precondition to filing suit in district court." *Cruce*, 703 F.2d at 863.

Here, the problem, as previously stated in the court's deficiencies orders, is that Plaintiff's complaints allege that that he "received Notices of Right to Sue from the EEOC on or about March 20, 2025." *See, e.g*., Doc. No. 6, at 5. But the envelope containing the complaint filed in this action is postmarked June 20, 2025, and was not received by the clerk until June 30, 2025. (Doc. No. 1-2.) Plaintiff's pleaded allegation of "on or about March 20, 2025" is equivocal and does not indicate whether this claim has been timely brought as pleaded. For example, if indeed Plaintiff

received a notice of right to sue letter from the EEOC on March 20, 2025, absent any tolling, his claim would have been filed on the one-hundred and second day from the notice when the complaint was received by the clerk on June 30, 2025. (Doc. No. 1-2); *Hernandez v. Aldridge*, 902 F.2d 386, 388 (5th Cir. 1990) (Title VII complaint is considered filed when it is received by the clerk). This delay in the filing of the complaint beyond the ninetieth day would make Plaintiff's complaint untimely and subject to dismissal. *See Smith v. Tex. Child's Hosp., Inc.*, No. 24-20389, 2025 WL 1325303, at *1 (5th Cir. 2025) (dismissing case when plaintiff received and read her right to sue letter ninety-one days before filing her complaint). On the record before it, the court simply cannot determine that the claims were timely filed, and the pleaded facts suggest that they were not.

The court has now twice ordered Plaintiff to amend his complaint to address this deficiency, and he has failed to do so. A district court may dismiss an action for the failure of a litigant to prosecute or to comply with any order of the court. *See McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) ("The court possesses the inherent authority to dismiss the action sua sponte, without motion by a defendant."); Fed.R.Civ.P. 41(b). Here, as discussed above, Plaintiff has failed to comply with two orders of the court and has failed to prosecute his case. To date, Plaintiff has not filed an amended complaint that addresses the issue of exhaustion, despite having been given two opportunities to do so. Plaintiff further has been explicitly warned that failure to comply will result in dismissal of this action without prejudice.

**CONCLUSION**

For the reasons discussed herein, the court finds that Plaintiffs' claims should be dismissed without prejudice for failure to exhaust administrative remedies and failure to comply with a court order. 28 U.S.C. § 1915(e)(2).

Within fourteen (14) days after receipt of the Magistrate Judge's Report, any party may serve and file written objections to the findings and recommendations contained in the Report. A party's failure to file written objections to the findings, conclusions and recommendations contained in this Report within fourteen days after being served with a copy shall bar that party from *de novo* review by the district judge of those findings, conclusions and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

**So ORDERED and SIGNED this 30th day of October, 2025.**

JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE