IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| CALVIN JACKSON, | § | |
| Plaintiff, | § § § | |
| v. | § | Case No. 4:25-cv-689-JDK |
| DX2 GROUP LLC, et al., | § § § | |
| Defendants. | § § | |

**ORDER ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Plaintiff Calvin Jackson, proceeding pro se, filed this lawsuit on June 30, 2025, against Defendants DX2 Group, LLC; MMX All Ventures, Inc.; and Tri State Dealer Services. Docket No. 1. The case was referred to United States Magistrate Judge John D. Love pursuant to 28 U.S.C. § 636.

On October 30, 2025, Judge Love issued a report recommending that Plaintiff's complaint be dismissed without prejudice for failure to exhaust administrative remedies and failure to comply with a court order. Docket No. 13. Thereafter, on November 18, 2025, Plaintiff filed objections to the report (Docket No. 15), as well as a second amended complaint (Docket No. 16).

Where a party timely objects to the Report and Recommendation, the Court reviews the objected-to findings and conclusions of the Magistrate Judge de novo. 28 U.S.C. § 636(b)(1). In conducting a de novo review, the Court examines the entire record and makes an independent assessment under the law. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*), *superseded on other*

1

*grounds by statute*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

Plaintiff has asserted claims for violation of Title VII of the Civil Rights Act of 1964 ("Title VII"). Docket No. 1. To assert a Title VII claim in federal court, a plaintiff "must [first] exhaust administrative remedies" by filing a charge with the Equal Opportunity Employment Commission ("EEOC") and receiving a statutory notice of the right to sue. *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378–79 (5th Cir. 2002). "[C]laimants have ninety days to file a civil action after *receipt* of such a notice from the EEOC," and this ninety-day period is "strictly construed." *Id.* at 379. The ninety-day period "begins to run on the date that the EEOC right-to-sue letter is delivered to the offices of formally designated counsel or to the claimant." *Ringgold v. Nat'l Maint. Corp.*, 796 F.2d 769, 770 (5th Cir. 1986).

Here, Plaintiff's complaint was filed on June 30, 2025 (Docket No. 1-2), the one-hundred and second day from the alleged receipt of the notice of right to sue on March 20, 2025 (Docket No. 1 ¶ 8). In his objections, Plaintiff does not dispute that he received his notice of right to sue on March 20, 2025. Docket No. 15. Instead, his objection is that he placed a copy of his complaint in regular mail on June 16, 2025, and a certified copy on June 20, 2025, and that the complaint should have arrived within a couple days of being mailed, not ten days later. *Id.* at 2. Plaintiff argues he should not be punished for something he has no control over. *Id.*

Plaintiff's objection fails for multiple reasons. First, "[w]hen unknown or disputed, courts have presumed various receipt dates ranging from three to seven

2

days after the letter was mailed." *Taylor*, 296 F.3d at 379. Even assuming three days for arrival to the Court, the Court finds that Plaintiff's complaint is untimely. Second, circumstances outside of Plaintiff's control are still strictly construed in the Fifth Circuit. *See e.g., Butler v. Orleans Parish School Board*, No. Civ. A. 00–0845, 2001 WL 1135616 (E.D. La. Sept. 25, 2001) (dismissing Title VII claims where pro se plaintiff filed her complaint one day beyond the ninety-day period because she and her husband were prevented from filing on the ninetieth day by family illnesses). Third, "'mailing' may not be construed as 'filing' for purposes of Title VII." *Taylor v. Gen. Tel. Co. of Sw.*, 759 F.2d 437, 440 (5th Cir. 1985). The civil complaint is considered filed when it is received by the Court, not when it is placed in the mail. *Hernandez v. Aldridge*, 902 F.2d 386, 388 (5th Cir. 1990). Finally, Plaintiff has alleged no factual basis for equitable tolling in this case. Therefore, Plaintiff's objection is without merit.

Having conducted a de novo review of the record in this case and the Magistrate Judge's Report, the Court has determined that the Report of the Magistrate Judge is correct, and Plaintiff's objection is without merit. Accordingly, the Court **OVERRULES** Plaintiff's objection (Docket No. 15) and **ADOPTS** the Report of the Magistrate Judge (Docket No. 13) as the opinion of the District Court. Plaintiff's claims are **DISMISSED** without prejudice for failure to exhaust.

So **ORDERED** and **SIGNED** this **21st** day of **November, 2025.**

_____
JEREMY D. KERNODLE
UNITED STATES DISTRICT JUDGE

4